**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JULIE SHERIDAN, | Case No. 2:20-cv-00126-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CAESARS ENTERPRISE SERVICES LLC, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Strike (ECF No. 34), filed on December 18, 2020. The Court also considered Plaintiff's Response (ECF No. 35), filed on December 30, 2020 and Defendant's Reply (ECF No. 37), filed on January 5, 2021. The Court finds this matter properly resolved without a hearing. LR 78-1.

Defendant seeks to strike Plaintiff's Errata Sheet because it violates Federal Rule of Civil Procedure 30(e) as it seeks to make substantive changes and additions to her sworn deposition testimony rather than clarify stenographic mistakes. (ECF No. 34). Plaintiff was deposed on October 21, 2020. On December 3, 2020, Plaintiff, through her counsel, submitted an Errata Sheet containing two changes to her deposition listing the reason for the change as "[c]larify response." (ECF No. 34, p. 3-4). More specifically, she adds significant alleged damages in specific amounts. Defendant contends that by doing this, Plaintiff is attempting to create a material issue of disputed fact regarding her alleged breach of contract claim. Accordingly, Defendant argues that the Errata Sheet should be stricken as attempting to make substantive changes rather than a corrective change in violation of Rule 30.

Plaintiff responds that the changes she made were consistent with the damage calculation in her Initial Disclosures. (ECF No. 35). She argues that the changes were minor and made to make the deposition testimony consistent with her damage calculation. Plaintiff disagrees with

Defendant's contention that she is trying to avoid summary judgment and there is no prejudice to Defendant in permitting the changes.

Defendant replies that the two errata lines were used to alter one response by Plaintiff during her October 21, 2020 deposition testimony. (ECF No. 37). It contends that the change is "lawyerly fixing" as it contains a hypothetical and legal conclusion. Defendant also claims that the substantive change to the damage amounts is not an error attributed to the court reporter. In total, Defendant argues that Plaintiff's two lines in the Errata contain at least 15 substantive changes to the deposition testimony.

Rule 30 provides that, "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript of recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed.R.Civ.P. 30(e)(1). Although the text of Rule 30(e) provides that changes may be "in form or substance" and indicates that "reasons" must be identified for making those changes, the Rule itself does not address the proper scope of changes allowed and the types of reasons that are sufficient to make changes.

As such, the Court looks to guidance from the Ninth Circuit. The Ninth Circuit has interpreted the scope of this Rule by finding that "while the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.,* 397 F.3d 1217 (9th Cir. 2005). The Ninth Circuit then articulated a standard, indicating that Rule 30(e) changes are "to be used for corrective, and not contradictory, changes." *Id*. at 1226.

Further, this District Court has also addressed this issue previously. Judge Koppe, applied *Hambleton* to find that Rule 30(e) changes (1) must have a legitimate purpose, (2) must not be used as a sham solely to create a material issue of fact to evade summary judgment, and (3) must not be used to alter what was actually said under oath. *Ashcraft v. Welk Resort Group Corp.*, 2017 WL 5180421, at *3 (D. Nev. Nov. 8, 2017). Also, Judge Koppe summarized district court

decisions into three groups: (1) Rule 30(e) changes are improper if used in a manner akin to a sham affidavit designed to avoid summary judgment; (2) Rule 30(e) changes are improper if used to alter the substance of deposition testimony in a contradictory manner except when correcting transcription errors; (3) Rule 30(e) changes are improper if used in either a sham manner or contradicting the testimony actually given.

The Court agrees with Defendant that Plaintiff's Errata Sheet should be stricken as violative of Rule 30(e). It is a transparent attempt by Plaintiff's counsel to repair what is assumed to be damaging deposition testimony. Even the phrasing of the clarifications does not reflect Plaintiff's own voice or words compared to the deposition testimony. While Plaintiff may be able to submit a declaration at the summary judgment stage or her counsel could make these legal arguments in a dipositive motion brief, they are not appropriate changes to her deposition transcript. *See, e.g., In re Cathode Ray Tube Antitrust Litigation*, 2014 WL 12647874, at *2 (N.D. Cal. Dec. 12, 2014) (a deponent remains able to file an affidavit that contradicts her deposition testimony in conjunction with summary judgment proceedings, may testify at trial in a manner that contradicts her deposition testimony, and may otherwise contradict her deposition testimony in future proceedings). Plaintiff's counsel may regret not properly preparing her for her deposition, but this is clear post-hoc coaching that is not permitted by Rule 30. Rule 30(e) cannot be used to alter the testimony that was actually given at the deposition and the Court finds that Plaintiff's two additions are so substantive and clearly add significant new information to her testimony as to be improper. They are contradictory rather than simple corrective changes for stenographic mistakes.

Accordingly, the Court must uphold Rule 30(e) so that it is not utilized to circumvent well-established discovery rules. Relevant to this circumstance are two important reminders: a deposition differs from interrogatory answers and an attorney is precluded from coaching a witness during the depositions. *See, e.g., In re Stratosphere Corp. Securities Litig.*, 182 F.R.D. 614, 621 (D. Nev. 1998). Allowing a deponent to alter testimony through after-the-fact changes (potentially in consultation with her attorney) would undermine these well-settled deposition rules, effectively permitting the substitution of interrogatory answers for deposition testimony and

permitting attorneys to alter the deponent's testimony.  Indeed, Plaintiff's counsel argues that the changes are consistent with her Initial Disclosures.  However, what is clear is that both her Initial Disclosures damages calculation and the Errata Sheet were written by Plaintiff's counsel.  The deposition is Plaintiff's testimony – not coaching or writing by counsel – and thus, the additions in the Errata Sheet are not permissible.

      IT IS THEREFORE ORDERED that Defendant's Motion to Strike (ECF No. 34) is **granted**.

DATED: January 27, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE